IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MEDCHAT, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>COMMLINK GLOBAL INC., )<br>)<br>Defendant. )<br>)<br>_____ ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff MedChat, LLC ("Plaintiff" or "MedChat") brings this action pursuant to 15 U.S.C. §§ 1114, 1125(a), 1125(d), N.C. Gen. Stat. §§ 75-1.1 *et seq.*, and North Carolina common law, seeking injunctive relief and damages against Defendant Commlink Global Inc. ("Defendant" or "Commlink"), for trademark infringement, unfair competition, and unfair and deceptive trade practices, and alleges as follows:

## PARTIES

2. MedChat is a limited liability company formed under the laws of the State of Delaware, having a place of business at 16904 Bridgewalk Drive, Charlotte, North Carolina 28277.

3. Upon information and belief, Defendant is a corporation formed under the laws of the State of California, having a place of business at 24892 Newhall Avenue, Newhall, California 91321.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

5. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen Stat. § 1-75.4.

6. Upon information and belief, Defendant has regularly and intentionally conducted business in this State and District, and is subject to personal jurisdiction in this State and District by virtue of its contacts here.

7. Upon information and belief, Defendant has conducted business in this State and District by selling, offering for sell, distributing, and/or advertising products and services, providing an interactive website and mobile applications, and otherwise engaging in business activities related to messaging platforms for the healthcare industry throughout the United States, including within this State and District.

8. Upon information and belief, Defendant's products and services are sold, offered for sale, distributed, and/or advertised to customers residing in this State and District and have been sold or distributed to customers in this State and District.

9. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391. MedChat is located in this District, a substantial part of the events giving rise to MedChat's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State.

## FACTUAL BACKGROUND

10. MedChat provides a highly secure, HIPAA-compliant messaging platform that was specifically designed for the healthcare industry. MedChat's platform allows healthcare

providers, such as dentists, doctors, laboratories, hospitals, or healthcare startups, to communicate with patients via secure messages.

11. MedChat is the owner of U.S. Trademark Registration No. 4,870,582 for the word mark MEDCHAT, directed to the following goods and services:

> Computer software that provides web-based access to services through a web operating system or portal interface; software for instant messaging; computer application software for use in live chats; electronic communications software for the transmission of data between two points; computer software for communications, instant messaging and live chats, provided via computer and communication networks (International Class 9).

12. MedChat's MEDCHAT mark was first used in commerce in connection with such goods as early as January 2015. U.S. Trademark Registration No. 4,870,582 issued on December 15, 2015, from an application filed on May 11, 2015. A copy of U.S. Trademark Registration No. 4,870,582 is attached hereto as Exhibit A.

13. Upon information and belief, Defendant is engaged in the business of providing administrative and communications solutions in the healthcare industry.

14. MedChat recently became aware that Defendant has been using in commerce the designation MEDCHAT in connection with the sale, offering for sale, distribution, and/or advertising of a messaging platform tailored for use in the healthcare industry. Shown below on the left is one example of how MedChat uses its MEDCHAT mark; shown below on the right is one example of how Defendant uses its MEDCHAT mark:

       

*MedChat's MEDCHAT mark*       *Defendant's Infringing Mark*

15. Defendant has been selling, offering for sale, distributing, and/or advertising its healthcare messaging platform under the MEDCHAT mark through its own website, located at www.mymedchat.com. A print-out of Defendant's website is attached hereto as Exhibit B.

16. Defendant has also been selling, offering for sale, distributing, and/or advertising its healthcare messaging platform under the MEDCHAT mark through digital marketplaces, such as the iTunes Store and the Google Play Store. Print-outs showing Defendant's mobile application as made available in the iTunes Store and the Google Play Store are attached hereto as Exhibit C.

17. Upon information and belief, Defendant did not start using the MEDCHAT designation until after February 26, 2016, which is the date Defendant first registered its www.mymedchat.com domain name. A print-out of the WHOIS database record for the www.mymedchat.com domain name is attached hereto as Exhibit D.

18. MedChat prominently displays its MEDCHAT mark in the upper left-hand corner of its website, located at www.getmedchat.com, and describes its product as a "secure messaging platform" that was "specifically designed for the healthcare industry."

19. Defendant also prominently displays an identical MEDCHAT mark in the upper left-hand corner of its website, and describes its product as a "secured messaging platform" that was "specially tailored for the Medical Community."

20. MedChat's MEDCHAT mark and the MEDCHAT designation used by Defendant are identical in sight, sound, pronunciation, spelling, meaning, and overall commercial impression.

21. Both MedChat's and Defendant's messaging platform and services are advertised, distributed, offered for sale, and/or sold to the same class of consumers, within the

same industry, through the same channels of trade, including through their respective websites and social media.

22. Defendant's unauthorized use of MedChat's MEDCHAT mark in connection with a substantially similar product and services is likely to cause confusion among consumers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's products and services with or by MedChat.

23. MedChat's name, reputation, and goodwill are suffering as a result of Defendant's conduct, given that Defendant's customers will associate any problems with Defendant's services as emanating from MedChat.

24. Defendant's actions have been intentional, willful, malicious, and in complete disregard of MedChat's rights.

25. Defendant's activities have caused and will continue to cause damage to MedChat by, *inter alia*, harming MedChat's sales, distribution, goodwill, and reputation.

26. MedChat is suffering irreparable harm and damages as a result of Defendant's acts in an amount not yet determined.

27. Defendant's unlawful conduct has irreparably harmed MedChat, and unless enjoined, will continue to harm MedChat through injury and loss to MedChat's business, reputation, and goodwill. MedChat has no adequate remedy at law to redress these injuries.

### COUNT I
### Trademark Infringement - 15 U.S.C. § 1114

28. MedChat realleges and incorporates herein by reference the foregoing paragraphs.

29. MedChat owns valid and enforceable trademark rights in the MEDCHAT mark.

5

Case 3:17-cv-00009-FDW-DCK   Document 1   Filed 01/10/17   Page 5 of 11

30. MedChat has the exclusive right to use the MEDCHAT mark in commerce in connection with the goods and services recited in its trademark registration, including, without limitation, messaging platforms for the healthcare industry and related goods and services.

31. Defendant has, without MedChat's consent, used the MEDCHAT mark in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

32. As a result of Defendant's infringement, MedChat has suffered damages, including lost sales, lost profits, and lost goodwill.

33. MedChat is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

34. Defendant's unauthorized use of the MEDCHAT mark, in violation of 15 U.S.C. § 1114, has caused irreparable injury to MedChat's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue to infringe MedChat's rights in the MEDCHAT mark.

35. MedChat's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling MedChat to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT II
**Unfair Competition – 15 U.S.C. § 1125(a)**

36. MedChat realleges and incorporates herein by reference the foregoing paragraphs.

37. Defendant's use of the MEDCHAT mark in connection with communication platforms for the healthcare industry sold, offered for sale, distributed, and/or advertised by

Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with MedChat, or as to the origin, sponsorship, or approval of Defendant's goods and services by MedChat, in violation of 15 U.S.C. § 1125(a)(1)(A).

38. Defendant has competed unfairly with MedChat and realized unjust profits as a result of its unfair competition.

39. Defendant has knowingly and willfully infringed MedChat's rights in the MEDCHAT mark by virtue of Defendant's use in commerce of the MEDCHAT mark in connection with messaging platforms for the healthcare industry and related goods and services.

40. As a result of Defendant's acts of unfair competition as alleged herein, MedChat has suffered damages, including lost sales, lost profits, and lost goodwill.

41. MedChat is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

42. Defendant's acts of unfair competition have caused irreparable injury to MedChat's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue its acts of unfair competition.

43. MedChat's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling MedChat to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### COUNT III
### Cybersquatting – 15 U.S.C. § 1125(d)

44. MedChat realleges and incorporates herein by reference the foregoing paragraphs.

45. Upon information and belief, Defendant willfully and deliberately registered the www.mymedchat.com domain name with the bad faith intent to profit from MedChat's reputation and goodwill. By using the MEDCHAT mark in its domain name, Defendant, upon information and belief, intended to divert consumers looking for MedChat's website to Defendant's website, where Defendant is selling, offering for sale, distributing, and/or advertising a healthcare messaging platform similar to MedChat's healthcare messaging platform.

46. As a result of Defendant's cybersquatting as alleged herein, MedChat has suffered damages, including lost sales, lost profits, and lost goodwill.

47. MedChat is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a), and the cancellation and/or transfer of the www.mymedchat.com domain name, pursuant to 15 U.S.C. § 1125(d)(1)(C).

48. Defendant's acts of cybersquatting have caused irreparable injury to MedChat's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue its acts of unfair competition.

49. MedChat's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling MedChat to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT IV
**Unfair and Deceptive Trade Practices – N.C. Gen. Stat. § 75** *et seq.*

50. MedChat realleges and incorporates herein by reference the foregoing paragraphs.

51. Defendant's acts alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

52. Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices, within the meaning of N.C. Gen. Stat. § 75-1.1 and North Carolina common law.

53. MedChat has been damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to N.C. Gen. Stat. § 75 *et seq.* and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to MedChat by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, attorney's fees and costs pursuant to N.C. Gen. Stat. § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. § 75-16, together with any and all amounts to be shown at trial.

## COUNT V
## Common Law Trademark Infringement

54. MedChat realleges and incorporates herein by reference the foregoing paragraphs.

55. Defendant's use of the designation MEDCHAT in connection with the advertisement, distribution, offer for sale, and/or sale of a messaging platform for the healthcare industry is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with MedChat, or as to the origin, sponsorship, or approval of Defendant's goods and services by MedChat.

56. By using the designation MEDCHAT in connection with goods and services substantially similar to those offered by MedChat, in the same channels of trade, Defendant is infringing MedChat's trademark rights in the MEDCHAT mark.

57. As a result of Defendant's infringement, Defendant has been unjustly enriched and MedChat has suffered damages, including lost sales, lost profits, and lost goodwill.

58. Defendant's infringement of MedChat's rights in the MEDCHAT mark has caused irreparable injury to MedChat's reputation and goodwill. On information and belief, unless restrained and enjoined, Defendant will continue to infringe MedChat's trademark rights.

59. MedChat's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained.

**WHEREFORE**, MedChat respectfully requests that the Court:

A. Permanently enjoin Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using the MEDCHAT mark, or any other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to MedChat's MEDCHAT mark, pursuant to 15 U.S.C. § 1116(a);

B. Order Defendant to pay all actual damages suffered by MedChat as a result of Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

C. Order Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

D. Order the cancellation and/or transfer of Defendant's domain name, pursuant to 15 U.S.C. § 1125(d)(1)(C);

E. Grant MedChat a monetary award against Defendant to account for Defendant's unlawful conduct;

F. Grant MedChat treble damages and attorney's fees, due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. § 1117(a) and N.C. Gen. Stat. §§ 75-16 and 75-16.1;

G. Order that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a);

H. Grant MedChat equitable relief in order to stop the harm caused to MedChat;

I. Grant MedChat pre-judgment and post-judgment interest; and

J. Grant such other and further relief as this Court deems just and equitable.

MedChat hereby demands a trial by jury on all issues so triable.

Date: January 10, 2017

Respectfully submitted,

s/ Kathryn G. Cole
Kathryn G. Cole
N.C. State Bar No. 39106
Minnie Kim
N.C. State Bar No. 46178
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
Email: katecole@mvalaw.com
minniekim@mvalaw.com

*Attorneys for Plaintiff MedChat, LLC*